UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

PLANTATION OPEN MRI, LLC,
a/a/o GLORIA DIAZ on behalf of itself
and all others similarly situated,

      Plaintiff,                                      CLASS ACTION

INFINITY ASSURANCE INSURANCE COMPANY,

      Defendant.
_____/

**NOTICE OF REMOVAL**

      Defendant, Infinity Assurance Insurance Company ("Infinity Assurance"), by and through its undersigned counsel, hereby invokes the removal jurisdiction of the United States District Court for the Southern District of Florida with regard to the above-captioned matter, currently pending as Civil Action Number CACE-18-024614 in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. Infinity Assurance files this Notice without waiving any defenses, exceptions, or obligations that may exist in state or federal court. This removal is based on the following grounds:

**I.  THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.**

      1.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 in that it is being filed within thirty (30) days after the suit was filed. Infinity Assurance has not been served with the Complaint, but waives service of process for purposes of these proceedings.

      2.     The Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida is located within the Southern District of Florida, Fort Lauderdale Division.

## **DIVERSITY JURISDICTION**

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2), and therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

4. This action satisfies the statutory requirements for jurisdiction of the United States District Court over purported class actions pursuant to 28 U.S.C. § 1332. The statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

### Class Action Allegations

5. In the Complaint, the named Plaintiff purports to bring this action as a class action on behalf of itself and others similarly situated under Rule 1.220 of the Florida Rules of Civil Procedure. (Compl. ¶¶ 1, 16.)

### Diversity of Citizenship

6. The Complaint alleges that the named Plaintiff is a Florida corporation. (Compl., ¶ 3).

7. The Complaint alleges that Infinity Assurance is a foreign for-profit corporation authorized to transact business in Broward County, Florida. (Compl. ¶ 4). Infinity Assurance is incorporated under the laws of the state of Ohio and its principal place of business is in Birmingham, Alabama. *See Affidavit of Lauren Gurosky attached hereto as* **Exhibit A**, ¶ 4.

8. As Infinity Assurance is a citizen of a State different from the Plaintiff, diversity exists between Infinity and the Plaintiff. 28 U.S.C. § 1332(d)(2)(A).

Jurisdictional Amount

9. This action meets the minimum amount in controversy for class action jurisdiction.  *See* 28 U.S.C. § 1332(d)(2).

10. Plaintiff's Complaint alleges a putative class that consists of:

> [A]ll insureds and third-party beneficiaries who have a right to collect payment for service charges associated with medical treatment that has been deemed covered under a Policy issued by [Infinity] for PIP Benefits.

(Compl., ¶ 32.)

11. The alleged class would apparently include Florida health care providers and insureds who submitted bills for payment under the PIP coverage of the insureds' Infinity Assurance automobile insurance policies, where Infinity Assurance limited reimbursement to 80% of the fee schedule limitations authorized by section 627.736(5)(a)1.a.–f., Florida Statutes (the "Florida Fee Schedule").

12. Plaintiff claims that based on the policy language addressing the methodology for applying the insured's deductible, Infinity Assurance should have reimbursed Florida health care providers and insureds who submitted bills for payment under the PIP coverage of the insureds' automobile insurance policies at 100% of the fee schedule limitations of the Florida Fee Schedule.

13. In other words, Plaintiff seeks as damages the difference between 100% of the fee schedule limitations of the Florida Fee Schedule and 80% of the fee schedule limitations of the Florida Fee Schedule, as well as attorneys' fees. (Compl., ¶¶ 35, 44, p. 11.)

14. The number of Florida health care providers and insureds who submitted bills to Infinity Assurance for PIP coverage, whose claims were reimbursed at 80% of the fee schedule

limitations of the Florida Fee Schedule between January 1, 2014 and October 1, 2018 was more than one hundred (100).  *See* **Exhibit A**, ¶ 8.

15.     For bills for dates of service between January 1, 2014 and October 1, 2018, the potential total estimated amount of PIP benefits in controversy under the claims alleged by Plaintiff in this class action is $5,942,302.96.  *See* **Exhibit A** at ¶¶ 10–12.

16.     Therefore, based on the foregoing, it is clear that the amount of damages in controversy as alleged by Plaintiff in this case easily exceeds $5,000,000.00. Thus, it is more likely than not that the amount in controversy does meets the jurisdictional amount. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) ("Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum") (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010)).

## PLEADINGS AND NOTICE TO STATE COURT

17.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings filed in the state court action are attached hereto as **Exhibit B**.

18.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of Court of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

## CONCLUSION

For all the foregoing reasons, Defendant, Infinity Assurance Insurance Company, respectfully requests this Court assume full jurisdiction over the cause herein, as provided by law.

Respectfully submitted,

SHUTTS & BOWEN LLP
*Attorneys for Defendant*
4301 W. Boy Scout Blvd.
Suite 300
Tampa, FL 33607
Telephone: 813-227-8113
Facsimile:  813-227-8213

-and-

200 S. Biscayne Blvd., Suite 4100
Miami, FL 33131
Telephone:  (305) 358-6300
Facsimile:   (305) 381-9982

By: */s/ Suzanne Y. Labrit*
Suzanne Youmans Labrit
Florida Bar No. 661104
Primary: *slabrit@shutts.com*
Secondary: *tjossi-tyler@shutts.com*
Secondary: *trosenberger@shutts.com*
Rachel LaMontagne
Florida Bar No. 94692
Primary: *rlamontagne@shutts.com*
Secondary: *khenley@shutts.com*
Secondary: vmadani@shutts.com
Victoria San Pedro Madani
Florida Bar No. 111747
Primary: vmadani@shutts.com
Secondary: khenley@shutts.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 22, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

Jose P. Font, Esq.
Jaime Martin, Esq.
Font & Nelson, PLLC
200 S. Andrews Avenue, Suite 501
Fort Lauderdale, FL 33301
E-mail: Pleadings@fontnelson.com
jfont@fontnelson.com
jmartin@fontnelson.com

*Attorney for Plaintiff*

                                        */s/ Suzanne Y. Labrit*

TPADOCS 22301619 1 37568.0011